UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASHON HINES,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON WIRELESS COMMUNICATIONS,<br><br>Defendant. | Civil Action No. 23-3805 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Dashon Hines's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-2), together with his Complaint against Defendant Verizon Wireless Communications ("Defendant"). (ECF No. 1). For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint.

**I.    BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915. Plaintiff filed his Complaint on July 17, 2023. ("Compl.," ECF No. 1.) Plaintiff alleges that on May 3, 2023, Defendant issued a bill to Plaintiff. (Compl. at *2.)[1] Plaintiff thereafter went to what he believed to be Defendant's place of business, located at 6050 South Park Avenue in Hamburg, New York. (*Id.* at *2.) Plaintiff claims that the location was closed and, in fact, not a Verizon store. (*Id.* at *3.)

---

[1] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

Plaintiff alleges that, presumably upon entering this location, he was "not free to move and/or leave" and "was robbed by 'Verizon Staff'." (*Id.*) Plaintiff claims the "Verizon Staff" stole his money, as well as his wallet. (*Id.*) Plaintiff asserts one claim under 42 U.S.C. § 1983 and seeks $1,000,000 in monetary damages. (Compl. at *1, *5.)

Along with his Complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-2.) Plaintiff's sole listed income source is public assistance, amounting to $159 monthly. (ECF No. 1-2 at 2.) Plaintiff reports monthly expenses that total $436. (*Id* at 4–5.) Plaintiff did not list any employment history, assets, or cash. (*Id.* at 1–3.)

## II.   LEGAL STANDARD

### A.   *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the

[plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B. Failure to Adhere to Rule 8's Pleading Requirements

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). These requirements apply to *pro se* litigants and should provide a defendant with notice of a claim against them. *Archie*, 2023 WL 5207833, at *2 (citations omitted).

Procedural rules, however, should be applied "flexibl[y]" to *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013). This accommodation is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

However, a plaintiff's *pro se* status does not permit her to ignore the requirements of the federal rules or the purposes they serve. Defendants hauled into court by a *pro se* plaintiff still need "fair notice" of the claims they will be expected to answer. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[ ] to support a claim." *Mala*, 704 F.3d at 245 (citation omitted). "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

### III. B.   DISCUSSION

#### A.   *In Forma Pauperis* Application

When seeking to proceed IFP, a plaintiff must submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez*, 2023 WL 5237130, at *1 (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). The plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application has established his inability to pay the filing fee, as the application shows that Plaintiff's monthly expenses exceed his monthly income, which is derived solely from public assistance. (*Compare* ECF No. 1-3 at 2 *with id.* at 4–5.) Therefore, Plaintiff's IFP application is **GRANTED**.

#### B.   Complaint Screening

The Court next reviews the merits of the IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[]

to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### 1) Rule 8 Violation

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 further requires that the Complaint's allegations are "simple, concise, and direct." R. 8(d). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala*, 704 F.3d at 244, a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

Plaintiff's Complaint alleges that Plaintiff's money and belongings were stolen upon entering a Verizon store. However, the Court cannot reasonably infer that the Defendant was tied to the alleged robbery and false imprisonment. Defendant provides a phone bill from Verizon, but nowhere in the bill does it show the alleged false Hamburg address, nor does Plaintiff point the Court to it. (Compl. at *7–14.) Even taking as true that Plaintiff received such a bill, Plaintiff merely avers that he was "not free to move and/or leave" and does not specify any facts surrounding this allegation. (Compl. at *3.) *See Bermudez v. Essex Cnty. D.O.C.*, No. 12-6035, 2013 WL 1405263 (D.N.J. Apr. 4, 2013) (dismissing false imprisonment assertion without any factual allegations to show plausibility). Moreover, the Court cannot reasonably link the alleged actions to Verizon based on the complaint. *See Hopkins v. Pamaro*, No. 17-6626, 2018 WL 4589996, at *2 (D.N.J. Sept. 24, 2018) (dismissing IFP complaint because no factual content to allow inference that defendants were liable for misconduct). Indeed, Plaintiff himself puts

"'Verizon Staff'" in quotation marks in the Complaint. (Compl. at *3.) Without sufficient factual allegations, Plaintiff has not stated a claim showing he is entitled to relief.

In addition, Plaintiff provides no explanation for the over 30 pages of material he appends to his Complaint, including pictures of Verizon's executive leadership, a copy of a McDonald's Customer Care message, and a copy of the homepage of the District of New Jersey's website. (Compl. at *6–*39.) Such attachments clearly do not constitute a "short and plain statement" showing Plaintiff is entitled to relief and thus mandate dismissal in violation of Rule 8. *See Roy v. United States*, No. 07-5759, 2009 WL 690818, at *1 (D.N.J. Mar. 12, 2009) (finding a Rule 8 violation in IFP complaint where plaintiff provided a fifty-page complaint of "seemingly random attachments"); *see also Fountain v. United States*, No. 10-5627, 2010 WL 4668423, at *2 (D.N.J. Nov. 8, 2010) (dismissing IFP complaint with unexplained and frivolous attachments).

    2) **Failure to State a § 1983 Claim**

Plaintiff's Complaint also fails to state a claim under the identified statute. Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides, as relevant:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under § 1983 a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Acting under the color of state law requires that the defendant to have acted with power "possessed by virtue of state law and made possible only because the

6

wrongdoer is clothed with the authority of state law." *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A private actor is only liable if they are "fairly said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982). A private entity may be considered a state actor where, *inter alia*, the entity acted in close concert with, or obtained significant aid from state officials, or because their conduct is otherwise chargeable to the state. *Id.* "In other words, a plaintiff must show such a tight connection between a state and the challenged action that the state could be held responsible for that action." *Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*, 34 F.4th 190, 195 (3d Cir. 2022).

Defendant is a corporation and not a state actor. *See Abbott v. Verizon Commc'ns of New Jersey*, No. 11-CV-421 PGS, 2013 WL 594466 (D.N.J. Feb. 15, 2013) (dismissing § 1983 action against Verizon because Verizon is not a state actor); *see also Benta v. Bryan*, 420 F. App'x 214, 216 (3d Cir. 2011) (stating that employees of a private telecommunications company are only liable under § 1983 if acting under the color of state law or acting in concert with state officials in the prohibited action). Plaintiff fails to allege a nexus between Defendant's alleged conduct and the state to qualify Defendant as a state actor.[2] The Court cannot discern any actions that show Defendant's actions occurred together with, or were aided by state officials, or were in any way chargeable to the state. *See Ballard v. City of Philadelphia*, 541 F. App'x 143 (3d Cir. 2013) (granting Verizon's motion to dismiss because plaintiff did not allege that Verizon acted under the color of state law). Therefore, Defendant does not fall within the contours of § 1983 and this action must be dismissed for failing to state a cognizable claim under § 1983. *See Moore v.*

---

[2] To be sure, a private entity's acts are not a "state action" just because they are performing a function which serves the public. *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). The acts must be traditionally the exclusive prerogative of the state in ordered to be considered a state action. *Id.*; *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 640 (3d Cir. 1995) (articulating that service to the public is insufficient to show that an action is a traditional government function). Defendant provides nationwide cellular services to the public. Plaintiff makes no allegations that these services are traditionally left to the state.

*Coyne,* 728 F. App'x 81, 82–83 (3d Cir. 2018*)* (affirming dismissal of §1983 action for failure to state a claim because plaintiff failed to allege that private actor's conduct was attributable to the state).

## IV. CONCLUSION

**IT IS** on this 11th day of July, 2024, ORDERED that:

1. Plaintiff's Application to Proceed IFP, (ECF No. 1-2), is **GRANTED**;

2. The Clerk of Court is directed to file the Complaint in this matter;

3. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice;

4. Plaintiff must file any Amended Complaint within thirty (30) days of this Memorandum Order;

5. The summons shall not issue until any subsequent complaint is again screened;

6. The Clerk of Court is directed to **CLOSE** this matter; and

7. The Clerk of Court shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE